UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MICHAEL YANDAL                                                                      PLAINTIFF

v.                                            CIVIL ACTION NO. 5:10CV-P92-M

CITY OF MAYFIELD *et al.*                                           DEFENDANTS

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for reconsideration (DN 13) and motion to file an amended complaint (DN 16).

*Motion for reconsideration* (DN 13)

By prior Memorandum Opinion and Order, the Court dismissed this action on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997) (DNs 11 & 12). The Court concluded, with respect to the federal claims, that (1) witness immunity applied to Defendant Jackson's testimony before the Graves County Grand Jury and at the federal suppression hearing; (2) sovereign and judicial immunities barred the claims against the Honorable Chief Judge Thomas B. Russell; (3) all remaining claims were barred by the applicable one-year limitations period. The Court declined to exercise supplemental jurisdiction over the remaining state-law claims.

Plaintiff raises several claims of error. First, he claims that the Court erred on a couple of occasions in its summarization of the facts. The Court has reviewed the complaint and its Memorandum Opinion and finds that the Court's construction of Plaintiff's statements was reasonable and that its summarization is of no legal consequence to the Court's determination that the action must be dismissed.

Second, Plaintiff claims that the Court's application of witness immunity to Det. Jackson's testimony was in error. It is true that ""[i]mmunity regarding testimony [] does not 'relate backwards' to events that transpired prior to testifying, even if they are related to subsequent testimony." *Hinchman v. Moore*, 312 F.3d 198, 205 (6th Cir. 2002) (quoting *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999)). Thus, any claim based on the Det. Jackson's fabrication of evidence to establish probable cause that Det. Jackson may have testified about is not entitled witness immunity. However, the Court went on to conclude in its decision that all other federal claims (except those against Chief Judge Russell) were time barred. The fabrication-of-evidence claim fell within the Court's untimeliness determination.

Third, Plaintiff claims that the Court applied the wrong statute of limitations to his federal §§ 1983 and 1985 claims. He contends that the Court erred in not applying the five-year limitations period applicable to fraud claims in Ky. Rev. Stat. § 413.120 since the basis of his complaint is the fraud committed by Defendants during the initial seizure and the suppression hearing. While fraud may have been the basis of his federal claims, "fraud" itself is not a federal cause of action. Rather, Plaintiff brought his federal fraud (fabrication of probable cause) claim under §§ 1983 and 1985, to which Court correctly applied the one-year limitations period in Ky. Rev. Stat. § 413.140(1). *See Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001) ("[T]he applicable statute of limitations [in Kentucky] for any claim arising under either Section 1983 or 1985(3) is one year."); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990) (applying Kentucky's one-year statute of limitations to a § 1983 cause of action). The Court did not err in applying the one-year limitations period to the federal claims.

Finally, Plaintiff asks the Court to reconsider its application of judicial immunity to the claims against Chief Judge Russell. Plaintiff argues that in ruling on the motion to suppress filed in Plaintiff's federal criminal case, Chief Judge Russell "lacked subject-matter jurisdiction over the probable cause determination that he made regarding the Plaintiff's initial seizure for excessive window tint." The Court already considered this argument in finding the claims against Chief Judge Russell to be barred by judicial immunity. In Plaintiff's federal criminal action, the Court had subject-matter jurisdiction over Plaintiff's federal charges, and Chief Judge Russell's decision to deny the motion to suppress was judicial in nature. Thus, Chief Judge Russell is entitled to judicial immunity with respect to Plaintiff's claims against him and reconsideration must be denied.

Finding no basis for this Court to reconsider its prior decision,

**IT IS ORDERED** that the motion for reconsideration (DN 13) is **DENIED**.

*Motion to file an amended complaint* (DN 16)

"'Although leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal.'" *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005) (quoting *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997), *aff'd*, 172 F.3d 623 (8th Cir. 1999)). "Amendments after judgment should only be allowed if the standards under Rule 59(e) or 60(b) are met." *Russell*, 141 F. App'x at 436.

For the reasons set forth more fully above, Plaintiff is not entitled to Rule 59(e) or Rule 60(b) relief.

**IT IS THEREFORE ORDERED** that the motion to file an amended complaint (DN 16) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
 Defendants
4414.005